# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID RAINERO, an individual on behalf of himself and on behalf of others similarly situated, | Case No.: 2:07-cv-01553-GMN-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| ARCHON CORPORATION, a Nevada corporation, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiff's Motion for Class Certification (ECF No. 39). Defendant did not file an opposition to the Motion.

The Court has considered the pleadings and arguments offered by Plaintiff and hereby GRANTS Plaintiff's Motion.

## FACTS AND BACKGROUND

This case arises out of Defendant Archon Corporation's August 31, 2007 redemption of its Exchangeable Redeemable Preferred Stock. Plaintiff was the owner of 9,140 shares when the outstanding preferred stock was redeemed by Defendant at the close of business on August 31, 2007. Plaintiff alleges that the redemption price was not calculated as required by the Certificate of Designation for the preferred stock. This action was filed on November 20, 2007 and was brought on behalf of all of the preferred stockholders except the Plaintiffs in a similar suit, *D. E. Shaw Laminar Portfolios, L.L.C.*, Case No. 2:07-cv-01146-PMP-LRL and officers and directors of Archon who were preferred stockholders. Plaintiff brings the instant motion to certify a class.

## DISCUSSION

**A.      Legal Standard**

In order to successfully move to certify a class under Rule 23, Plaintiffs must satisfy two sets of criteria.  First, Plaintiffs must show each of the following:

> (1)  the class is so numerous that joinder of all members is impracticable;
>
> (2)  there are questions of law or fact common to the class;
>
> (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)  the representative parties will fairly and adequately protect the interests of the class.

*Rodriguez v. Hayes*, 578 F.3d 1032, 1047 (9th Cir. 2009).  Second, plaintiffs must show at least one of the following:

> (1)  prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A)   inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B)   adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2)  the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3)  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;

> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

> (D)  the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(1)–(3).  A district court should not address the merits of the case when determining certification under Rule 23, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974) (holding that a class action plaintiff cannot argue the merits of his case to circumvent the Rule 23 certification requirements), unless the merits at issue concern requirements of certification under Rule 23, in which case the court must consider such evidence, *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1178 n.2 (9th Cir. 2007) (citation omitted).  A district court may dismiss an action on the merits before determining propriety of certification. *See Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984).

A district court's decision to certify a class is reviewed for abuse of discretion. *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571 F.3d 953, 957 (9th Cir. 2009).  "Abuse exists in three circumstances:  (1) reliance on an improper factor, (2) omission of a substantial factor, or (3) a clear error of judgment in weighing the correct mix of factors." *Id*. (*citing Parra v. Bashas', Inc.*, 536 F.3d 975, 977–78 (9th Cir. 2008) (*citing Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000))).

/ / /

**B.   ANALYSIS**

Plaintiffs ask the Court to certify the following class:

All beneficial owners of outstanding Archon Exchangeable Redeemable Preferred Stock as of the close of business on August 31, 2007 except:

> A.   Paul W. Bowden, Suzanne Bowden, John W. Delaney, William J. Raggio, Howard Foster, Richard H. Taggart, and any other officer or director of Archon Corporation to the extent that he or she had all rights and incidents of ownership of the stock.

> B.   D. E. Shaw Laminar Portfolios, L.L.C., LC Capital Master Fund, Ltd., LC Capital/Capital Z SPV, LP, Magten Asset Management Corp, Mercury Real Estate Securities Fund LP, Mercury Real Estate Securities Offshore Fund Limited, Black Horse Capital LP, Black Horse Capital (QP) LP, Black Horse Capital Offshore Ltd. and Plainfield Special Situations Master Fund Limited.

### i.   Rule 23(a) Prerequisites

#### 1.   Numerosity

Plaintiff claims over 500 putative class members. (Mtn to Certify pg. 15, ECF No. 39). Defendant admitted in Plaintiff's first Interrogatories that there were "580 shareholders listed as holders of record" as of August 31, 2007. (*See Id.* Ex. 4). Officers and Directors of Archon and the Plaintiffs in two similar suits against Defendant are excluded from the class. There are eight officers and directors and ten plaintiffs in the similar suits. (*See Id.* Ex. 5). This amounts to over 500 putative members of the class. Joinder of over 500 putative plaintiffs is impracticable. *See* Fed. R. Civ. P. 23(a)(1). Therefore Plaintiff has satisfied the first requirement of 23(a).

#### 2.   Commonality

"All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a

common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). Here the issues of law are identical as to each of the putative class members- whether the proper method of calculating the liquidation preference under the Certificate of Designation was used. Therefore each putative class member is in a virtually identical position.

### 3.    Typicality

The putative class representative is David Rainero. "[T]he claims or defense of the representative part[y] [must be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff Rainero was an owner of outstanding Archon Exchangeable Redeemable Preferred Stock as of the close of business on August 31, 2007. Named Plaintiff therefore has claims typical of the putative class members.

### 4.    Adequate Representation

"Adequate representation depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Local Joint Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) (quoting *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (quoting *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386,  390 (9th Cir. 1992))) (internal quotation marks omitted).

Here, Plaintiff's counsel, Steven E. Goren, has attached his resume showing that he has handled a number of class actions, as well as his lengthy experience in the law. (Resume Ex. 6, ECF No. 39). Nothing in the record indicates that the present action is collusive, that various putative class members are adverse to one another, or that putative class representatives do not share interests with putative class members. Therefore Plaintiff has satisfied all the requirements of Rule 23(a) for class certification.

### ii.      Rule 23(b) Prerequisites

Plaintiff argues that they satisfy the third prong of Rule 23(b).  This prong requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods." Fed. R. Civ. P. 23(b)(3).

In this case there is one question that affects all class members exactly the same. The issue is whether the proper method under the Certificate of Designation for calculating Liquidation Preference was used to pay the shareholders.  All individual class members will calculate damages in the exact same way.

Plaintiff argues that a class action is the superior method to represent the shareholders' interests.  Two other lawsuits have also been filed by the large shareholders.  The remaining 560+ smaller shareholders will not be protected unless the action is certified as a class action.  As a practical matter it does not make sense for a small shareholder to sue because of the cost of hiring an attorney.  However, by certifying the class these shareholders will be able to rely on each other's damages to warrant the expense of litigation.  Finally, there should not be a significant problem to managing the class action as all members will calculate damages on a per share basis.

### CONCLUSION

Plaintiff has named a class that qualifies for class certification.  Defendant has not opposed class certification.

IT IS HEREBY ORDERED THAT the Court GRANTS Plaintiff's Motion for Class Certification.

DATED this 19th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge