UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID RAINERO, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ARCHON CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:07-cv-01553-GMN-PAL <br><br> **ORDER** |

Plaintiff David Rainero brings this proposed class action in his capacity as a former shareholder of certain preferred stock shares issued by Defendant Archon Corporation that were outstanding as of August 31, 2007. (Compl. and Notice of Related Case, ECF No. 1.)

Pending before the Court is the Motion for Summary Judgment (ECF No. 46) filed by Defendant. Plaintiff filed an Opposition and Cross Motion for Partial Summary Judgment (ECF Nos. 49, 50). Defendant filed a Reply and Opposition (ECF Nos. 55, 56). Plaintiff then filed a Reply (ECF No. 59). Both motions are now fully briefed.

Also before the Court is Plaintiff's Motion for Class Certification (ECF No. 39), to which Defendant filed a Response (ECF No. 44) and Plaintiff filed a Reply (ECF No. 45).

**I. BACKGROUND**

This case was originally filed in November 2007, a few months after the filing of a related case on behalf of another group of shareholders, primarily hedge funds and money managers, *D.E. Shaw Laminar Portfolios, L.L.C. v. Archon Corp.*, No. 2:07-cv-01146-PMP-LRL (D. Nev. 2010). (Compl. and Notice of Related Case, ECF No. 1.) Although Plaintiff indicated that assignment to a single district judge was desirable, no such reassignment was ever ordered. (*See* Notice of Related Case, ECF No. 5.) In January 2008, a third related case

1   was filed, and the plaintiff in that action requested assignment to a single district judge along
2   with its complaint. *See* Complaint and Notice of Related Cases, *Leeward Capital, L.P. v.*
3   *Archon Corp.*, No. 2:08-cv-00007-PMP-LRL (D. Nev. Jan. 2, 2008), ECF Nos. 1, 2.  The
4   following day, *Leeward* was assigned to the same district judge and magistrate judge as *D.E.*
5   *Shaw*. *Id*.
6          The three cases were subsequently consolidated for the purpose of discovery only, and
7   the discovery plan in *D.E. Shaw* was to govern discovery for all three cases. (*See* Order on
8   Stipulation, March 4, 2008, ECF No. 16.)  In June 2008, the district judge assigned to *D.E.*
9   *Shaw* ordered a stay of discovery, which was constructively applied to all three actions. (Notice
10  of Order to Stay Discovery, ECF No. 21.)  Through November 2010, the parties submitted
11  successive requests to prolong the stay indefinitely, and the stay was continued formally and
12  informally as the litigation proceeded in *D.E. Shaw*. (*See* Stipulation, ECF No. 22; Order, May
13  7, 2009, ECF No. 23; Stipulation, ECF No. 24; Order, June 5, 2009, ECF No. 25; Stipulation,
14  ECF No. 26; Order, Nov. 13, 2009, ECF No. 27.)  In May 2010, with the stay still in effect, the
15  case was reassigned to the currently assigned district judge, who was newly appointed to serve
16  as a District Judge in the District of Nevada. (*See* Min. Order, May 28, 2010, ECF No. 28.)
17         In November 2010, pursuant to an order by the assigned magistrate judge, the parties
18  submitted a Joint Status Report indicating that discovery in the *D.E. Shaw* and *Leeward* actions
19  had begun in March 2010, and that motions for summary judgment were pending before the
20  district judge assigned to those cases. (Min. Order, Nov. 2, 2010, ECF No. 29; Joint Status
21  Report, ECF No. 32.)  Accordingly, the parties requested that the stay be lifted and submitted a
22  proposed stipulated discovery plan and scheduling order. (*Id*.)  As a result, the stay was
23  constructively lifted, and discovery deadlines were re-set. (Mins. of Proceedings, Nov. 16,
24  2010, ECF No. 35; Order, Nov. 18, 2010, ECF No. 37; Order, Nov. 24, 2010, ECF No. 38.)
25         Defendant was ordered to file a motion for class certification by December 6, 2010 and

1  Plaintiff was ordered to file its opposition by February 15, 2011.[1] (Order, Nov. 18, 2010, ECF
2  No. 37; Order, Nov. 24, 2010, ECF No. 38.)  Briefing on the Motion to Certify Class (ECF No.
3  39) concluded on February 25, 2011. (*See* Reply, ECF No. 45.)

In June 2011, Defendant filed the instant Motion for Summary Judgment (ECF No. 46), which was fully briefed, along with the instant Motion for Partial Summary Judgment (ECF No. 50), as of November 2011. (*See* Reply, ECF No. 59.)

In October 2012, Plaintiff filed a Supplemental Memorandum notifying the Court that the Ninth Circuit Court of Appeals had recently affirmed the judgments in *D.E. Shaw* and *Leeward* that had been entered in favor of the plaintiffs in those actions. (ECF No. 60.)

## II. DISCUSSION

### A. Summary Judgment Motions

Defendant requests summary judgment in its favor as to all claims, and Plaintiff requests partial summary judgment as to the appropriate calculation of the redemption price.

#### 1. Legal Standard for Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

---

[1] On January 19, 2011, the Court erroneously entered an Order (ECF No. 42) disposing of the motion, but vacated the Order the same day. (Order, Jan. 19, 2011, ECF No. 43.)

*Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970). If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### 2. Application of Collateral Estoppel

In his Opposition and Motion for Partial Summary Judgment, Plaintiff invokes the doctrine of collateral estoppel, and argues that it should be applied to bar Defendant from relitigating issues decided in the *D.E. Shaw* and *Leeward* actions.

#### a. <u>Legal Standard</u>

"The doctrine of collateral estoppel (or issue preclusion) 'prevents relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding.'" *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005) (quoting *Shaw v. Hahn*, 56 F.3d 1128, 1131 (9th Cir. 1995)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

A federal court decision has preclusive effect where three elements are met:
(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated;
(2) the first proceeding ended with a final judgment on the merits; and

(3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Id*.

The United States Supreme Court has distinguished two uses of the doctrine of collateral estoppel where a prior judgment does not bind both parties, i.e., where it is "non-mutual": (1) defensive use of collateral estoppel — where a plaintiff is estopped from asserting a claim that the plaintiff had previously litigated and lost against another defendant; and (2) offensive use of collateral estoppel — where a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979). Noting the minimal difference between the two, the Supreme Court nevertheless concluded that trial courts should be granted "broad discretion to determine when [offensive collateral estoppel] should be applied." *Id*. at 651 & n.16; *accord Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 775 (9th Cir. 2003).

In *Parklane*, the Supreme Court discouraged the use of offensive collateral estoppel in situations where "a plaintiff could easily have joined in the earlier action or where . . . the application of offensive estoppel would be unfair to a defendant." *Id*. at 652.

      b. <u>Analysis</u>

In August 2008, the district judge in *D.E. Shaw* and *Leeward* construed the Certificate so as to determine the correct method of calculating the redemption price, and granted partial summary judgment in favor of the *D.E. Shaw* plaintiffs on this issue. *D.E. Shaw Laminar Portfolios, L.L.C. v. Archon Corp.*, No. 2:07-cv-01146-PMP-LRL, 570 F. Supp. 2d 1262 (D. Nev. Aug. 6, 2008), ECF No. 80. The district judge held that the Certificate's terms are unambiguous and that the plaintiffs' interpretation of the formula for calculating dividends was correct. *Id*.

On December 22, 2010, relying on the August 2008 ruling in *D.E. Shaw*, the district

judge in *D.E. Shaw* and *Leeward* granted summary judgment in favor of plaintiffs in both cases, and a final judgment was entered in each. *D.E. Shaw Laminar Portfolios, L.L.C. v. Archon Corp.*, No. 2:07-cv-01146-PMP-LRL, 755 F. Supp. 2d 1122 (D. Nev. Dec. 22, 2010); *Leeward Capital, L.P. v. Archon Corp.*, No. 2:08-cv-00007-PMP-LRL, 759 F. Supp. 2d 1249 (D. Nev. Dec. 22, 2010).   The district judge held that the Liquidation Preference was $8.69, as calculated by adding the total amount of accrued but unpaid dividends on August 31, 2007 ($6.55), plus $2.14, as provided in the Certificate. *D.E. Shaw Laminar Portfolios, L.L.C. v. Archon Corp.*, No. 2:07-cv-01146-PMP-LRL, 755 F. Supp. 2d 1122, 1128 & n.2 (D. Nev. Dec. 22, 2010); *Leeward Capital, L.P. v. Archon Corp.*, No. 2:08-cv-00007-PMP-LRL, 759 F. Supp. 2d 1249, 1256 & n.2 (D. Nev. Dec. 22, 2010).

Here, in its motion, Defendant relies in part on the pendency of its appeals of these *D.E. Shaw* and *Leeward* summary judgment orders.  However, the Ninth Circuit Court of Appeals has since resolved both appeals in an unpublished memorandum disposition.[2] *D.E. Shaw Laminar Portfolios, L.L.C. v. Archon Corp.*, 483 Fed. Appx. 358 (9th Cir. 2012) (mem.). Reviewing the summary judgment rulings *de novo*, and affirming, the Ninth Circuit Court of Appeals held that the Certificate "is complete and unambiguous on its face," and that "[t]he district court's calculation of the damages is correct as a matter of law" because "Section 7 is the applicable portion of the Certificate," requiring a cumulatively derived rate per share, and that "Section 2, even if it applied, is consistent with Section 7 and uses the same method of calculation." *D.E. Shaw Laminar Portfolios, L.L.C. v. Archon Corp.*, 483 Fed. Appx. 358, 359 (9th Cir. 2012) (mem.).

Here, the Court finds that the *D.E. Shaw* and *Leeward* summary judgment decisions have preclusive effect on the issue presented here because all three elements are met.  The issue

---

[2] Unpublished dispositions are not precedent, "except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." Fed. R. App. P. 36-3(a).

1  of the proper construction of the Certificate so as to determine the correct method of calculating
2  the redemption price was necessarily decided in the *D.E. Shaw* and *Leeward* proceedings, and
3  is identical to the issue which is sought to be relitigated here.  The *D.E. Shaw* and *Leeward*
4  proceedings ended with a final judgment on the merits for this issue.  And finally, here
5  Defendant is the party against whom collateral estoppel is asserted, and Defendant was a party
6  at the *D.E. Shaw* and *Leeward* proceedings.
7       As in *Parklane*, here the application of offensive collateral estoppel is in question, and
8  the Court finds "that none of the considerations that would justify a refusal to allow the use of
9  offensive collateral estoppel is present in this case." 439 U.S. at 332.  Here, the application of
10 offensive collateral estoppel would not be unfair to Defendant, and Plaintiff could not easily
11 have joined in the earlier actions.  This is shown by the Court's inaction despite Plaintiff's
12 listing of reasons "that assignment to a single District Judge is desirable" (Notice of Related
13 Case, ECF No. 5).  Plaintiff's prompt filing of this action, and his repeated and early
14 notifications to the Court of the related *D.E. Shaw* case, and later, the *Leeward* case, belie any
15 impression that Plaintiff intended to adopt a "wait and see" attitude.   Although it is true that
16 the lengthy stay allowed Plaintiff to benefit from the favorable judgments entered in the *D.E.*
17 *Shaw* and *Leeward* cases, Defendant itself stipulated to the stay, formally and informally, since
18 June 2008.  Therefore, application of offensive collateral estoppel would not unfairly reward
19 Plaintiff for failing to join the *D.E. Shaw* and *Leeward* actions.
20      Finally, Defendant cannot show that the amounts at stake in the *D.E. Shaw* and *Leeward*
21 actions gave it "little incentive to defend vigorously" as contemplated by the Supreme Court in
22 *Parklane*, particularly where Defendant already had notice that a potential class action was
23 pending in the instant case.  Defendant also cannot show that the *D.E. Shaw* and *Leeward*
24 judgments are "inconsistent with one or more previous judgments in [its] favor," as
25 contemplated in *Parklane*.  And the Court does not find that here Defendant is "afford[ed] . . .

procedural opportunities unavailable in the first action that could readily cause a different result," as contemplated in *Parklane*.

Because the Court finds that the *D.E. Shaw* and *Leeward* summary judgment decisions should have preclusive effect on the issue presented here, the Court accordingly finds that the issue of how to construe the Certificate so as to determine the correct method of calculating the redemption price is settled. The Certificate's terms are unambiguous. The Liquidation Preference is $8.69, as calculated by adding the total amount of accrued but unpaid dividends on August 31, 2007 ($6.55), plus $2.14, as provided in the Certificate.

Therefore, the Court finds that Plaintiff's Motion for Partial Summary Judgment (ECF No. 46) must be granted because Plaintiff is entitled to summary judgment on this issue as a matter of law, and Defendant cannot establish that a genuine issue of material fact exists.

It follows, then, that Defendant's Motion for Summary Judgment (ECF No. 50) must be denied because Defendant cannot meet its initial burden to negate an essential element of Plaintiff's case, or to demonstrate that Plaintiff failed to make a showing sufficient to establish an element essential to Plaintiff's case.

### B.  Motion to Certify Class

Plaintiff requests certification of a class of shareholders pursuant to Rule 23 of the Federal Rules of Civil Procedure.

#### 1.  Legal Standard

Under Rule 23 of the Federal Rules of Civil Procedure, "[a] class action may be maintained if Rule 23(a) is satisfied and if" Plaintiff can show that the class action is one of three types under Rule 23(b). Fed. R. Civ. P. 23(b).

Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if" four prerequisites are met:

(1) the class is so numerous that joinder of all members is impracticable;

  (2) there are questions of law or fact common to the class;

  (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

  (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

  One Rule 23(b) type of class action is presented where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

  To determine superiority and predominance, courts consider:

  (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

  (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

  (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

  (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

  "An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C).

  "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)," and "[i]f more than one

adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

### 2. Analysis

Here, it is apparent to the Court that the numerosity requirement is likely met, and that there are questions of law or fact common to the class. However, because the parties' summary judgment motions and the *D.E. Shaw* and *Leeward* appeals were still pending when the Motion for Class Certification (ECF No. 39) was briefed, arguments presented in the parties' briefs are now moot or in need of clarification now that the issues have been narrowed. The resolution of these motions and appeals likely affects the arguments of the parties relating to Rule 23(b). Also, the degree to which there are questions of law or fact common to the class is unclear, and the Court recognizes the possibility that groups of subclasses may be necessary to account for categories of defenses that Defendant may bring. Finally, Plaintiff does not specifically address the requirements of Rule 23(g) in his briefs, and on this basis alone the Court is unlikely to have sufficient basis to appoint class counsel under Rule 23(g), as required by Rule 23(c)(B).

Therefore, the Court is satisfied that Plaintiff's counsel may be designated as interim counsel to act on behalf of the proposed class pending determination of class certification. The Motion for Class Certification (ECF No. 39) will be denied, without prejudice, with leave to re-file so as to correct and revise the motion as described above.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Archon Corporation's Motion for Summary Judgment (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff David Rainero's Motion for Partial Summary Judgment (ECF No. 50) is **GRANTED**.

1    **IT IS FURTHER ORDERED** that Plaintiff David Rainero's Motion for Class Certification (ECF No. 39) is **DENIED without prejudice**.

**DATED** this 7th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge